# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# WESTERN DIVISION

DAVID MUELLER                                                                PLAINTIFF

v.                              4:18cv00708-JM-JJV

NANCY A. BERRYHILL,
Acting Commissioner,
Social Security Administration,                              DEFENDANT

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

### INSTRUCTIONS

This recommended disposition has been submitted to United States District Judge James M. Moody, Jr. The parties may file specific objections to these findings and recommendations and must provide the factual or legal basis for each objection. The objections must be filed with the Clerk no later than fourteen (14) days from the date of the findings and recommendations. A copy must be served on the opposing party. The district judge, even in the absence of objections, may reject these proposed findings and recommendations in whole or in part.

### RECOMMENDED DISPOSITION

Plaintiff, David Mueller, has appealed the final decision of the Commissioner of the Social Security Administration to deny his claim for supplemental security income. Both parties have submitted briefs and the case is ready for a decision.

A court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and free of legal error. *Slusser v. Astrue*, 557 F.3d 923, 925 (8th Cir. 2009); *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997); *see also* 42 U.S.C. §§ 405(g), 1383(c)(3). Substantial evidence is such relevant evidence as a

reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Reynolds v. Chater*, 82 F.3d 254, 257 (8th Cir. 1996).

In assessing the substantiality of the evidence, courts must consider evidence that detracts from the Commissioner's decision as well as evidence that supports it; a court may not, however, reverse the Commissioner's decision merely because substantial evidence would have supported an opposite decision. *Sultan v. Barnhart*, 368 F.3d 857, 863 (8th Cir. 2004); *Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir. 1993). After careful review of the pleadings and evidence in this case, I find the Commissioner's decision is supported by substantial evidence and recommend the Complaint be DISMISSED.

Plaintiff is forty-six years old. (Tr. 62.) He earned a general equivalence degree (*id.*) and has past relevant work as an auto mechanic, hand packager, kitchen assistant, and fast food worker. (Tr. 27, 62.)

The ALJ[1] found Mr. Mueller had not engaged in substantial gainful activity since March 3, 2016, the application date. (Tr. 13.) He has "severe" impairments in the form of "disorder of the back, obstructive sleep apnea disorder, anxiety, personality disorder and coronary artery disease." (*Id.*) The ALJ further found Mr. Mueller did not have an impairment or combination of impairments meeting or equaling an impairment listed in 20 C.F.R. Part 404, Subpart P,

---

[1]The ALJ followed the required sequential analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; and (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. §§ 416.920(a)-(g) and 404.1520(a)-(g).

Appendix 1.[2]  (Tr. 14-15.)

The ALJ determined Mr. Mueller had the residual functional capacity to perform a reduced range of sedentary work given his mental and physical impairments. (Tr. 15.) The ALJ determined Mr. Mueller could no longer perform his past relevant work, so the ALJ utilized the services of a vocational expert (VE) to determine if jobs existed that Plaintiff could perform despite his impairments. (Tr. 27-29.) Based on the testimony of the VE, the ALJ determined Mr. Mueller could perform the jobs of ampoule sealer, compact assembler, and table worker despite his impairments. (Tr. 28.) Accordingly, the ALJ determined Mr. Mueller was not disabled. (Tr. 29.)

The Appeals Council received additional evidence and denied Plaintiff's request for a review of the ALJ's decision, making his decision the final decision of the Commissioner. (Tr. 1-3.) Plaintiff filed the instant Complaint initiating this appeal. (Doc. No. 2.)

In support of his Complaint, Plaintiff says the ALJ erred by relying on the opinion of the vocational expert (VE). (Doc. No. 11 at 6-15.) He argues that the VE did not adequately prove how she determined there were adequate numbers of ampoule sealer, compact assembler, and table worker jobs available in the economy. In other words, Plaintiff says the VE must have a rational basis for testifying that a certain number of jobs exist in the national economy. Plaintiff argues:

> Given the vocational expert's response there was no evidence to support the numbers of jobs identified by the expert. It was mere speculation, based on the unfounded assumption that if there are a certain number of jobs in a particular category, some of which are unskilled, some of which are semi-skilled, and some of which are skilled, there are equal numbers of the jobs in that category that are unskilled, semi-skilled, and skilled. The objection was that there was no basis for the vocational expert's testimony as to the number of the identified jobs that existed in the economy.

---

[2] 420 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926.

3

> . . .
>
> The issue is the methodology used by U.S. Publishing to provide the very numbers the vocational expert relied on. The expert had no knowledge of how the publisher matched the numbers of jobs it reported to the jobs identified in the Dictionary of Occupational Titles. Nor did the vocational expert purport to rely on her own experience in adjusting the numbers of jobs found in the Occupational Employment Quarterly.

(*Id.* at 13-14.)

Plaintiff relies on *Boston v. Colvin* , No. 4:14-CV-206-D, 2016 WL 721563, at *9 (E.D.N.C. Feb. 2, 2016) and *Rosa v. Colvin* , No. 3:12–CV–0170, 2013 WL 1292145, at *9–10 (N.D.N.Y. 27 Mar. 2013) to support his position. (*Id.*at 14.)   But unlike the cases of *Boston* and *Rosa*, Plaintiff has not shown the VE's testimony to be unreliable.  Plaintiff argues that the VE's testimony was "mere speculation" but the record fails to support this submission.  Simply because the VE relied on the data from U.S. Publishing and was unable to answer the questioned posed regarding methodology does not make the VE testimony unreliable.   In the two cases Plaintiff cites, the claimant was able to specifically show the VE's testimony was flawed.  For example, in *Boston*, the Plaintiff showed that the VE's identification of "broad category of jobs, which included jobs [of varying exertional levels]" was obviously unreliable.  *Boston* at *12.  And in *Rosa*, the Plaintiff fairly called into question the VE's testimony about the number of jobs available because admittedly "many or most of those jobs would be unavailable to [Mr. Rosa] under any of the hypotheticals given by the Administrative Law Judge."  *Rosa* at *5.   Here, the VE identified the specific jobs of ampoule sealer, compact assembler, and table worker and utilized commercial data to support the numbers of those jobs available.  I find no reason to reverse the ALJ's reliance on her testimony.

For her part, the Commissioner responds, "The ALJ . . . properly observed that vocational

experts can base their testimony on a number of sources and determined the vocational expert was a reliable source and her opinions were well-supported." (Doc. No. 12 at 4.) The Commissioner relies on *Gieseke v. Colvin*, 770 F.3d 1186, 1189 (8th Cir. 2014). The court in *Gieseke* held, ". . . whether 'the VE's explanations were based upon insufficient personal experience and unreliable scholarly literature . . . were fact issues for the ALJ to resolve." *Id.* at 1189 (Citing *Welsh v. Colvin*, 765 F.3d 926, 930 (8th Cir. 2014). I find *Gieseke* to be persuasive and find the ALJ fairly resolved any issue raised regarding the VE's testimony. (Tr. 28-29.)

Plaintiff also argues, "The Appeals Council erred in refusing to consider the opinions from the thorough examination of Dr. Mark L. Clark." (Doc. No. 11 at 15.) This is not quite accurate as the Appeals Council stated, "You submitted records from Mark Clark, Ed.D., dated March 6, 2018 (13 pages). We find this evidence does not show a reasonable probability that it would change the outcome of the decision. We did not exhibit this evidence." (Tr. 2.) Clearly, they considered the evidence to conclude it would not have changed the outcome of the decision.

More importantly, I agree with the Commissioner that Dr. Clark's findings were generally consistent with the evidence utilized by the ALJ in rendering his decision. (Doc. No. 12 at 5-6.) I also find compelling the Commissioner's point that "Plaintiff participated in karaoke and even worked during the relevant period as a cook (Tr. 15-27, 622, 626, 870, 874, 881)." (*Id.*at 5.)

Accordingly, I find the Commissioner's decision is supported by substantial evidence. Mr. Mueller undoubtedly is limited in his abilities and I am sympathetic to his claims. Counsel has done an admirable job advocating for Mr. Mueller's rights. But I find no basis to reverse the ALJ's decision here. The Commissioner's decision is not based on legal error.

Furthermore, it is not the task of a court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record

which contradicts his findings. The test is whether there is substantial evidence on the record as a whole which supports the decision of the ALJ. *E.g., Mapes v. Chater*, 82 F.3d 259, 262 (8th Cir. 1996); *Pratt v. Sullivan*, 956 F.2d 830, 833 (8th Cir. 1992).

I have reviewed the entire record, including the briefs, the ALJ's decision, the transcript of the hearing, and the medical and other evidence. There is ample evidence on the record as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case. *Richardson v. Perales*, 402 U.S. at 401; *see also Reutter ex rel. Reutter v. Barnhart*, 372 F.3d 946, 950 (8th Cir. 2004).

IT IS, THEREFORE, RECOMMENDED that the final decision of the Commissioner be affirmed, and that Plaintiff's Complaint be dismissed with prejudice.

DATED this 18th day of March 2019.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE